IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00402-M-BM

PAMELA LETTS, )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
AVIDIEN TECHNOLOGIES, INC., )
et al., )
 )
    Defendants. )
_____ )

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Brian S. Meyers in this case on January 30, 2025 [DE 35].[1] In the Recommendation, Judge Meyers recommends that the court deny Plaintiff's motion to remand and grant Defendants' motion to dismiss. DE 35 at 2, 6-7, 18. The Recommendation, along with instructions and a deadline for filing objections, was served on the parties on January 30. *See id.* at 18-19. Plaintiff filed a timely objection to the Recommendation, and Defendants responded. DE 36; DE 37.[2]

---

[1] This is the second Recommendation entered by Judge Meyers in this matter. Previously, Judge Meyers recommended that the court grant Plaintiff's motion to remand and deny as moot Defendants' motion to dismiss. *See* DE 30 at 2. Judge Meyers recommended as such after concluding that Defendants had failed to identify evidence supporting that the amount in controversy in this matter exceeds $75,000, which would deprive the court of diversity subject-matter jurisdiction. *Id.* at 16. In objecting to Judge Meyers' first Recommendation, Defendants submitted an affidavit addressing the amount in controversy. DE 32 at 1-2. Accordingly, this court recommitted the "matter to Judge Meyers with instructions to consider whether the exhibit included with Defendants' objection, DE 32, alter[ed] his analysis with regard to the amount in controversy in this action." DE 34 at 2.

[2] Plaintiff's objection significantly exceeds the page and word limits permitted by this court's local rules. *See* DE 36 at 1-20. Using the word count generated by word processing software, the court calculates the word count in Plaintiff's objection as at least 6,475 words, more than double the word limit of 2,800 words. Local Civil Rule 72.4(b)(2); Local Civil Rule 7.2(f)(3)(B). Accordingly, Defendants have requested that the court strike Plaintiff's objection or disregard its contents that exceed the word limit. DE 37 at 3-4. Defendant's request is entirely appropriate. However, given the dispositive nature of the Recommendation, and out of an abundance of caution, the court declines to do so, and has fully considered Plaintiff's objection.

A magistrate judge's recommendation carries no presumptive weight. *See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 486 (4th Cir. 2025). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). And "a party's objection to a magistrate judge's report [must] be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). This is a low bar, particularly when the plaintiff is pro se. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Plaintiff's Motion to Remand

Plaintiff's motion concerns the amount in controversy, which she did not specifically allege in her Complaint. *See* DE 21; DE 23; DE 1-3. However, Plaintiff did allege that Defendant Avidien Technologies ("Avidien") agreed to provide her with 20% equity in the company "in exchange for reduced pay," and then breached that agreement. DE 1-3 at 2, 16, 19, 41. The year after Plaintiff was discharged from Avidien, Defendant Mettler-Toledo "purchased all of the equity of Avidien," and "the purchase price for the acquisition of Avidien was in excess of $375,000," DE 32 at 1, meaning that Plaintiff's alleged 20% ownership in Avidien would be valued in excess of $75,000.[3]

---

[3] In addition to the ownership share, the amount in controversy in this matter also consists of withheld commissions, vacation pay, healthcare reimbursement, and a demo instrument. DE 35 at 6.

Judge Meyers concluded that Defendants' affidavit (from the General Counsel of Mettler-Toledo) regarding the acquisition price of Avidien demonstrated, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. DE 35 at 6-7; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). The court agrees. Plaintiff objects to Defendants' affidavit as "self-serving" and "conclusory," DE 36 at 4, but those are inapt characterizations for statements of *fact* made in a document under penalty of perjury.

Plaintiff further objects that Judge Meyers accepted the statements in the affidavit even though Defendants did not "provid[e] supporting financial documentation," *id.* at 5, but "[e]stimating the amount in controversy is not nuclear science" and this exercise may "rely to some extent on reasonable . . . inferences, and deductions," *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017). Here, Defendants provided a sworn statement from a Mettler-Toledo executive that the purchase price of Avidien exceeded $375,000. DE 32 at 1-2. Based on that statement, it is reasonable to deduce that Plaintiff's alleged 20% share in Avidien, which she placed in controversy, exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff also argues that Defendants' affiant "has a clear conflict of interest in advocating for removal and dismissal" and the court should consider his sworn statement "with heightened scrutiny." DE 36 at 10. Plaintiff provides no support for this proposition, and it is without merit. Plaintiff has "offered nothing" beyond her own speculation "to suggest that the [] figure" in Defendants' affidavit "is not an accurate number." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 299 (4th Cir. 2008) (finding amount in controversy met based on defendant's affidavit).

Lastly, Plaintiff contends that the affidavit was procedurally improper, because Defendants filed it with the court after removal, and "the question of whether the federal court has jurisdiction is decided based on the information available at the time of removal." DE 36 at 11. This is an

3

inaccurate statement of law for multiple reasons. *See Dart*, 574 U.S. at 89 (explaining that "defendant's notice of removal need include *only* a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and that, if such allegation "is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied") (emphasis added); 28 U.S.C. § 636(b)(1)(C) (providing that, when magistrate judge issues recommendation, district court is authorized to "receive further evidence").

In sum, the court adopts Judge Meyers' Recommendation regarding Plaintiff's motion to remand. Defendant's affidavit demonstrates, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Removal was therefore proper, and Plaintiff's motion is denied.

## II. Defendants' Motion to Dismiss

Judge Meyers resolved Defendants' motion to dismiss on statute of limitations grounds. DE 35 at 11. In this case, the parties agreed that Plaintiff's claims accrued on June 9, 2021, and are all subject to a three-year statute of limitations. *See id.*; *see also* N.C.G.S. § 1-52(1). As such, the statute of limitations would bar Plaintiff's claims as of June 9, 2024. *Id.* Plaintiff's Complaint, originally filed in state court, bears a filing stamp of June 11, 2024. *See* DE 1-3 at 2. But Plaintiff asserts that her Complaint should be considered as filed on June 7, 2024, because she (1) tried to electronically file her Complaint on the morning of June 7, (2) encountered technical problems with the state court's electronic filing system for several hours, (3) was able to submit the Complaint electronically later that afternoon, but then (4) did not learn until June 11 that her filing had been rejected several minutes after she submitted it because she filed the cover sheet, Complaint, and summons as one document rather than as three separate documents. DE 35 at 13-14.

4

Judge Meyers rejected Plaintiff's assertion regarding the timeliness of her Complaint, and this court endorses that conclusion. The General Rules of Practice for the Superior and District Courts of North Carolina make clear that a submission is deemed "filed when it is received by the court's electronic-filing system, as evidenced by the file stamp on the face of the document," and that if a submission is rejected for noncompliance with a court rule, it "will be treated as if it had never been filed with the court." General Rule of Practice 5(b)(4) & (7). Thus, when Plaintiff submitted her Complaint on June 7, 2024, and it was rejected for noncompliance with a court rule (combining the cover sheet, Complaint, and summons as one document rather than three), that submission was "treated as if it had never been filed with the court." General Rule of Practice 5(b)(7). Instead, Plaintiff's Complaint is deemed filed on June 11, "as evidenced by the file stamp on the face of the document." General Rule of Practice 5(b)(4). As a consequence, Plaintiff's Complaint is not timely because the three-year statute of limitations expired prior to the filing of the Complaint.

Plaintiff objects to this conclusion on the basis that it "ignore[s] the unique circumstances surrounding the filing process." DE 36 at 13. But the technical issues Plaintiff experienced on the morning of June 7 are a red herring; she was able to submit her Complaint electronically later that afternoon. DE 35 at 15. The state court's rejection of her afternoon submission is attributable to her noncompliance with a state court filing rule, not her technical difficulties with the filing system. *See* DE 1-5 at 3. Moreover, Plaintiff received notice, only 16 minutes after attempting to file her Complaint on June 7, that her filing had been rejected and that she would need to submit her cover sheet, Complaint, and summons as separate documents. *See id.* Plaintiff failed to address that notice for several days, and only filed her Complaint two days after the expiration of the statute of limitations. *See* DE 1-3 at 2.

5

For these reasons, the court fully adopts Judge Meyers' conclusion that equitable tolling does not apply under the circumstances of this case. DE 35 at 14-18. North Carolina's Court of Appeals has approvingly cited Supreme Court precedent for the proposition that "[s]tatutes of limitations are subject to equitable tolling when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Kinlaw v. N.C. Dep't of Health & Hum. Servs., Div. of Health Serv. Regul.*, 907 S.E.2d 66, 74 (N.C. Ct. App. 2024) (internal ellipses omitted) (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014)). The court does not find that Plaintiff pursued her rights diligently; she received notice of a deficiency in her submission on the afternoon of June 7 but did not rectify that deficiency until days later, after the statute of limitations had expired. And human error, such as unfamiliarity with state court filing rules, is not an extraordinary circumstance that justifies equitable tolling. *E.g., Lawrence v. Fla.*, 549 U.S. 327, 336–37 (2007); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

In sum, the court adopts Judge Meyers' Recommendation regarding Defendants' motion to dismiss. North Carolina's three-year statute of limitations bars Plaintiff's claims.

## III. Conclusion

The Recommendation [DE 35] is ADOPTED IN FULL, Plaintiff's motion to remand [DE 21] is DENIED, and Defendants' motion to dismiss [DE 8] is GRANTED.

SO ORDERED this 13th day of March, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE