IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00402-M-BM

| | |
|---|---|
| PAMELA LETTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| AVIDIEN TECHNOLOGIES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Plaintiff's motion [DE 42] "to reconsider and reverse" the court's March 13, 2025 order, which adopted the memorandum and recommendation of United States Magistrate Judge Brian S. Meyers and granted Defendants' motion to dismiss on statute of limitations grounds. *See* DE 39 at 1-6; DE 35 at 11-18. Plaintiff purports to bring her motion "pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)." DE 42 at 1. But Plaintiff filed her motion 29 days after entry of judgment, rendering any motion under Rule 59(e) untimely. *See id.* at 4 (signature page reflecting submission on "this 11th day of April, 2025"); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Federal courts may "not extend the time to act under" Rule 59(e). Fed. R. Civ. P. 6(b)(2); *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001). Accordingly, the court evaluates Plaintiff's motion under Rule 60(b) only. *Colter v. Omni Ins. Co.*, 718 F. App'x 189, 191 (4th Cir. 2018).

"Rule 60(b) allows a court to 'relieve a party from a final judgment, order or proceeding' on a limited number of grounds." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859

F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)) (internal ellipses omitted). But because "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal," a party seeking relief under that rule "first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation mark omitted). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023). "[T]he party moving for relief 'must clearly establish the grounds therefor to the satisfaction of the district court,'" which imposes a sizable "burden of proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (quoting *Virgin Islands Nat'l Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir.1974)).

Plaintiff's motion makes no attempt to satisfy the threshold showing. The motion largely restates the arguments Plaintiff raised in opposition to Defendant's motion to dismiss and Judge Meyers' recommendation. *See* DE 42 1-3 (repeating position that she timely filed her Complaint on June 7, 2024, notwithstanding that she received notice that same day that her state court filing had been rejected).[1] Moreover, the motion does not even identify "one of the six specific categories listed in Rule 60(b)" as grounds for relief. *Justus*, 78 F.4th at 105–06.

"A party should not expect a court to do the work that it elected not to do." *Hughes v. B/E Aerospace, Inc.*, No. 1:12-CV-717, 2014 WL 906220, at *1 (M.D.N.C. Mar. 7, 2014). "Even in

---

[1] Plaintiff's motion appears to assert that equitable tolling should apply because the state court filing system erroneously rejected her Complaint on June 7, 2024. DE 42 at 3 (describing "state court's [] misclassification of Plaintiff's Complaint as a 'Cover Sheet'" as "a clerical and technical error beyond Plaintiff' control"). That is an issue to take up with the state court. And even accepting the premise of Plaintiff's argument, it does not change the fact that Plaintiff received notice on June 7, 2024 (two days before the expiration of the statute of limitations) that her filing had been rejected, and she did not act on that notice until June 11, 2024 (two days after the expiration of the statute of limitations). Plaintiff's failure to act upon that notice in a timely manner hardly constitutes the sort of "extraordinary circumstance" that would justify equitable tolling, and neither does it reflect that she had been "pursu[ing her] rights diligently." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014).

2

the case of pro se litigants," district judges cannot be expected to act as "mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). By failing to articulate how her motion satisfies either the threshold showing under Rule 60(b) or one of the six specific categories thereunder, Plaintiff has not met her burden to "clearly establish the grounds" for relief. *In re Burnley*, 988 F.2d at 3. For those reasons, her motion [DE 42] is DENIED.

SO ORDERED this 6th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE